IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARREN NOLAN CLARK, SR,

      Petitioner,

v.                                                        CASE NO. 1:13-cv-251-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 challenging his December 2010 jury-

trial conviction in Alachua County of second-degree robbery, for which

Petitioner received a 30-year sentence as a habitual offender.  ECF No. 1.

The Respondent filed a response to the merits of the Petition, ECF No. 16,

and Petitioner filed a reply, ECF No. 18.  Upon due consideration of the

Petition, the response, the state-court record, and the reply, the

undersigned recommends that the Petition be denied.[1]

### I.  State-Court Proceedings

The procedural history of this case is summarized in the Response,

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

and Petitioner does not dispute the accuracy of that summary.

Petitioner was charged with robbery on May 6, 2009, and convicted by a jury on September 11, 2009.  His conviction was reversed and remanded for a new trial.  *Clark v. State*, 43 So.3d 814 (Fla. 1st DCA 2010) (reversing for new trial because trial judge did not instruct the jury on robbery by sudden snatching, a lesser-included offense).

At Petitioner's retrial, the State presented testimony establishing that Petitioner grabbed the victim, threw her to the ground, and took her purse and her watch.  Witnesses included the victim, the victim's sorority sister with whom the victim was talking on the phone immediately before the robbery, the officers who responded to the scene, and a K-9 officer who tracked Petitioner from the scene to the point where he had been stopped. Petitioner admitted that he snatched the victim's purse but denied grabbing her or throwing her to the ground.  ECF No. 16-5, Exh. D (trial transcript).

Petitioner appealed, arguing, *inter alia*, that his conviction was a nullity and a violation of due process because the Assistant State Attorney who prosecuted him, Ralph Grabel, had been suspended from the practice of law at the time of Petitioner's trial.  *Id*. Exh. H.  The First DCA affirmed *per curiam* without opinion.  *Id*. Exh. J.

Petitioner sought postconviction relief on the ground that his conviction amounted to a "fraud upon the court" because the prosecutor was suspended from the practice of law during the trial and counsel was ineffective for failing to move to dismiss the charging information, to challenge the court's jurisdiction, and to raise the issue during trial.  ECF No. 16-7 at 173-87.  The trial court summarily denied relief.  The court determined that Petitioner's claims were without merit because although it was true that the prosecutor had been administratively suspended from the Florida Bar for not completing CLE requirements, the suspension was unrelated to any disciplinary proceeding.

Exhibits appended to the court's order reflect that on November 23, 2010, the Florida Bar issued a letter to Mr. Grabel informing him that he had failed to comply with CLE requirements as of August 31, 2010, and therefore he was deemed a "delinquent member" pending correction of the oversight.  State Attorney William Cervone submitted an affidavit reflecting that Mr. Grabel was unaware of the suspension until February 2011, and upon being made aware of his non-compliance he fulfilled the CLE requirements and was reinstated.  During the time of Petitioner's trial, the suspension was in effect but unknown to Mr. Grabel.  Further, the charging

information was signed by Mr. Grabel prior to his technical suspension, and therefore there was no basis for counsel to object to the information. ECF No. 16-7 at 194 to ECF No. 16-8 at 8. The First DCA affirmed *per curiam* without written opinion. *Clark v. State*, 111 So.3d 883 (Fla. 1st DCA 2013) (table).

Petitioner raised his claims in a second postconviction motion which again was summarily denied. ECF No. 16-8 at 66 through 16-9 at 25. In denying the second motion, the state court determined that the claims were barred by collateral estoppel because they had been raised in Petitioner's first postconviction motion. The court further found that even if the claims were not barred they were without merit, for the same reasons stated previously. ECF No. 16-8 at 149-51. The First DCA affirmed *per curiam*, without written opinion. ECF No. 16-9 at 67.

Petitioner unsuccessfully sought other postconviction relief, including a motion to correct illegal sentence asserting grounds that are not relevant to the instant federal habeas corpus petition. ECF No. 16-9 at 95-99. Petitioner filed an "emergency" habeas corpus petition again raising grounds stemming from Mr. Grabel's technical bar suspension. ECF No. 16-10 at 39-49. On April 7, 2014, the state court ordered Petitioner to

show cause as to why he should not be sanctioned for filing frivolous claims.  ECF No. 16-10 at 60-63.  The outcome of that proceeding is not included in the record.

Petitioner filed the instant federal habeas corpus petition, which Respondent concedes is timely, asserting two grounds for relief: (1) his conviction was procured by "fraud upon the court" because the prosecutor was suspended from the practice of law at the time of trial, rending the conviction a nullity in violation of due process; and (2) counsel was ineffective for failing to investigate the case "in its entirety, where the prosecuting attorney was . . . suspended from the practice of law," in violation of Petitioner's constitutional rights.  ECF NO. 1 at 4.

## II.  Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow, ___ U.S. ___,* 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[2]—a claim state courts have now adjudicated in countless

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate

criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

---

(1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

## III. <u>Discussion</u>

### A. *Conviction due to "fraud upon the court"*

Petitioner argues that his conviction was obtained in violation of his constitutional rights because the prosecutor in his case was suspended from the practice of law during his trial and sentencing.  The Court concludes that this claim is fairly read as one of prosecutorial misconduct.  Prosecutorial misconduct can be a basis for habeas corpus relief only if such conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

Although this particular clam is somewhat uncommon, as the Respondent points out, the federal courts that have considered similar claims have required petitioners to demonstrate some type of prejudice stemming from the prosecutor's licensing status.  *See United States v. Wyatt*, 2014 WL 1330300 *2 (M.D. N.C. March 28, 2014).  In *Wyatt*, the court rejected a prosecutorial-misconduct claim in a § 2255 motion based on the fact that the Assistant United States Attorney who prosecuted the case had a suspended license during the entire case.  The court observed:

> Although the practice of law by an unlicensed or improperly
> licensed prosecutor is an unusual situation, it is not unique or

unprecedented. In fact, it has occurred on several occasions in courts across the country. Most courts facing the dilemma have ruled that a defendant does not have a constitutional right to a properly licensed prosecutor, that the prosecution of a case by an unlicensed or improperly licensed prosecutor does not automatically violate a defendant's rights, and/or that a defendant must show some sort of prejudice in order to challenge his conviction.

*Wyatt*, 2014 WL 1330300 *2 (collecting cases).  The *Wyatt* court held that "there is no general federal right to a properly licensed prosecutor . . . . [and] a petitioner must ordinarily show prejudice form the lack of licensing in order to raise a claim based on a prosecutor's licensing deficiencies." *Id*.   The court denied the motion to vacate because Petitioner pointed to no prejudice, and even if the prosecutor's actions constituted "fraud" or "misconduct" his actions did not harm petitioner or affect his case.  *Id*.  In the same vein, the Fourth Circuit has held that a postconviction claim based on a prosecutor's lack of a law license must demonstrate prosecutorial misconduct, and rejected such a claim where the petitioner had shown no prejudice.  *United States v. McNeill*, 389 F. App'x 233, 235 (4th Cir. 2010).

       This Court likewise agrees that, viewing the claim as one of prosecutorial misconduct, in the context of a federal constitutional claim the Petitioner must establish that he was prejudiced by the prosecutor's

licensing status.  Here, Petitioner has pointed to no such prejudice.  Given

that Mr. Grabel's suspension was for a technical reason and not one

related to wrongdoing, under the facts of this case it would be particularly

difficult for Petitioner to show prejudice stemming from the suspension.  In

any event, Petitioner points to *no* evidence in the record showing that

anyone was aware of the suspension during his case or that the

suspension affected his constitutional rights in any way.  On this record,

Petitioner has failed to show that the state court's rejection of this claim

was contrary to, or an unreasonable application of, federal law.

### B. Ineffective assistance of aounsel

Petitioner claims that his trial counsel was ineffective for failing to

investigate his case and ascertain Mr. Grabel's suspension, which violated

Petitioner's federal constitutional rights.  ECF No. 1.  In rejecting

Petitioner's ineffective-assistance claim on postconviction review, the state

court found that counsel did not err in failing to challenging the charging

information, which was signed by Grabel prior to his suspension.  ECF No.

16-7 at 195-96.  The state court also pointed to evidence in the record in

the form of a letter from the Florida Bar and an affidavit from the State

Attorney for the Eighth Judicial Circuit attesting that Grabel was unaware of

the suspension until February 2011.  *Id.*

On this record, Petitioner has failed to show that his trial counsel performed deficiently or that he was prejudiced by counsel's performance. Petitioner points to nothing in the record that establishes that his attorney knew of Grabel's suspension during Petitioner's case or knew of any other facts that would have caused counsel to investigate Grabel's licensing status.  Further, Petitioner points to no evidence in the record establishing that he was prejudiced in any way by counsel's failure to so investigate.  As explained above, Petitioner has established no prejudice stemming from Grabel's technical suspension with respect to CLE requirements.  On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

## IV.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section

2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,  ECF No. 1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 13th day of December 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**